[Civ. No. 21418. Second Dist., Div. Three. May 24, 1956.]

JOHN G. OPPENHEIMER, Appellant, v. IRVING GORDON et al., Defendants; AUTOMOBILE CLUB OF SOUTHERN CALIFORNIA (a Corporation), Respondent.

John G. Oppenheimer, in pro. per., for Appellant.

Davis, Sanborn, Lindley, Cobb, Patterson, Laymon & Anderson, Davis, Sanborn, Lindley & Cobb and Clifford R. Anderson, Jr., for Respondent.

SHINN, P. J.—Plaintiff appeals from a judgment of dismissal entered pursuant to an order sustaining, without leave to amend, a demurrer to his complaint filed by defendant Automobile Club of Southern California. What happened was this: Plaintiff brought an action in the Los Angeles Municipal Court for property damage to his car (and loss of use thereof) caused by a collision with a Studebaker car driven by defendant Irving Gordon. The complaint alleged, in paragraph I, that defendants Irving Gordon and Nora M. Gordon are the registered owners of the Studebaker. Paragraph II alleged that "the legal owners of said automobile are unknown to the plaintiff at this time, and therefore designated as defendants herein by fictitious names; upon ascertaining their identity, plaintiff will ask leave of Court to substitute and insert the true names of said defendants in the place and stead of fictitious names herein used." Paragraph III alleged that at the time of the collision, defendant Irving Gordon was driving the Studebaker "with the full knowledge and consent of each of the other defendants herein named."

Defendant Irving Gordon cross-complained, seeking recovery for personal injuries and other damages well over the jurisdictional amount of the municipal court and the cause was transferred to the superior court. Shortly thereafter, plaintiff filed an amendment to his complaint in which he alleged that the true name of the defendant designated in the complaint as "Doe Corporation" was the Automobile Club of Southern California and he thereby substituted the same in place of the fictitious name. Defendant Automobile Club demurred to the complaint on the grounds that the complaint failed to state a cause of action against said defendant; and that there was a defect or misjoinder of parties in that defendant Automobile Club was not a necessary or proper party to the action. We are of the opinion that the court did not err in sustaining the demurrer without leave to amend.

Plaintiff contends that his complaint states a cause of action against defendant Automobile Club under the Permissive Use Statute (Veh. Code, § 402, subd. (a)) since defendant

Irving Gordon was operating the Studebaker with "the full knowledge and consent of each of the other defendants herein named. . . ." and Gordon's negligence is to be imputed to the other owners of the car. This argument is without merit.

Plaintiff sued the Gordons as the *registered* owners of the Studebaker, and sued the Automobile Club as the *legal* owner of the car. Section 67 of the Vehicle Code reads: " 'Legal owner' is a person holding the legal title to a vehicle under a conditional sale contract, the mortgagee of a vehicle or the renter or lessor of a vehicle to the State, or to any county, city, district or political subdivision of the State, under a lease, lease-sale or rental-purchase agreement which grants possession of the vehicle to the lessee for a period of 30 consecutive days or more." Section 402 of the Vehicle Code which imposes liability upon *owners* for the negligence of one who is using or operating a motor vehicle with the permission of the owner contains the following exception: " (f) If a motor vehicle is sold under a contract of conditional sale whereby the title to such motor vehicle remains in the vendor, such vendor or his assignee shall not be deemed an owner within the provisions of this section, but the vendee, or his assignee shall be deemed the owner notwithstanding the terms of such contract, until the vendor or his assignee retake possession of such motor vehicle. A chattel mortgagee of a motor vehicle out of possession shall not be deemed an owner within the provisions of this section." Since Gordon was operating the automobile with the permission of the Automobile Club it follows that the latter was not a renter or lessor of the vehicle to the state or other public body and was either a conditional vendor or a chattel mortgagee out of possession. As the legal owner in this sense the Automobile Club was not responsible for the negligence, if any, of Gordon.

The demurrer was properly sustained.

The judgment is affirmed.

Wood (Parker), J., concurred.

Vallée, J., did not participate.

Appellant's petition for a hearing by the Supreme Court was denied July 18, 1956.